UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 31 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

LEONARD RAY SMITH, )
)
    Plaintiff, )
)
v. ) Civil Action No. **12 0163**
)
UNITED STATES OF AMERICA, )
)
    Defendant. )

## MEMORANDUM OPINION

    This matter comes before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* civil complaint. The court will grant the application, and dismiss the complaint.

    The court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

    According to plaintiff, he is "the victim of illegal contract injuries and ha[s] suffered personal injury from collateral damage" stemming from services rendered to four federal



government agencies. Compl. at 1. Plaintiff declines to "disclose the specifics of these innovations here or in an open court room" because he has "been threatened personnally [sic] by unknown individuals not to file this complaint." *Id.* He demands "4.1 trillion us dollars" as compensation for his services, as well as "reasonable protection that will not interfere with [his] lifestyle . . . after [he gets] relief and recovery from this complaint." *Id.* at 2. In addition, among other relief, plaintiff demands that members of his immediate family to "be cleared of any wrong doing if they have been incriminated," and he wants "the woman that may have had [his] children . . . to be compensated separately from [his] relief and recovery." *Id.*

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are irrational and wholly insufficient to state a cognizable civil claim. Accordingly, the Court will dismiss this action under 28 U.S.C. § 1915(a)(2)(B)(i) as frivolous.

An Order consistent with this Memorandum Opinion will be issued on this same date.

DATE: 1-27-12

United States District Judge